UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Benjamin Cabrera; | No. 0:01-CV-1682 (DNH/GLS) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| Superintendent Senkowski; Hearing Officer Phillips; and Sergeant Senecal; | |
| Defendants. | |

---

This matter is before the Court[1] on Defendants' Motion for Summary Judgment. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Benjamin Cabrera was imprisoned at Clinton Correctional Facility ("Clinton"). On June 9, 2001, Defendant Sergeant Senecal filed a Tier III misbehavior report against Cabrera. This report charged Cabrera with assaulting another inmate on June 8, 2001. The report indicated that the charge was based on confidential information and that Cabrera was identified as the culprit from a photo array. (See Defs.' Statement of Material Facts Ex. A.) Cabrera was taken to the medical clinic to be examined for injuries. (See id.; see Am. Compl. ¶¶ 4-8.) He was placed on keeplock status. Cabrera then discovered that a fellow inmate had also been charged with assaulting the same victim. (Am. Compl. ¶ 10.)

---

[1] This case was originally assigned to the Honorable David N. Hurd. Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is now the Judge of record in this case.

On June 10, 2001, Cabrera was served with this misbehavior report. (<u>See</u> Defs.' Statement of Material Facts Ex. B at 21-22 (Cabrera Dep.).) Cabrera sought the aid of a hearing assistant to help him prepare for an upcoming superintendent hearing, and Cabrera claims that he requested various documents and witnesses. On June 14 or 15, 2001, Cabrera appeared at his superintendent hearing. Defendant Phillips presided over the hearing. Cabrera plead not guilty to the assault charges. (<u>See</u> Am. Compl. ¶ 11.) Cabrera contends that Phillips only permitted two inmate witnesses to testify on Cabrera's behalf, even though Cabrera requested that four inmate witnesses testify. Defendant Phillips also denied Cabrera's request to have certain correctional officers testify on his behalf.[2] (<u>Id.</u> ¶ 13.) Phillips found Cabrera guilty on all charges and sentenced him to nine months Special Housing Unit ("SHU"), loss of privileges, and eighteen months loss of good time. (<u>Id.</u> ¶ 19.)

Cabrera appealed the decision. On or about August 24, 2001, Cabrera received a full reversal on the assault charge and the sanctions that resulted from this incident were expunged from his disciplinary record. (<u>Id.</u> ¶ 24; <u>see also</u> Defs.' Statement of Material Facts Ex. B at 35-36.)

On October 2, 2001, Cabrera filed an inmate grievance. The grievance committee concluded:

> Under the Federal Rules of Civil Procedure the grievant must take these steps in order to fulfill the Court's requirement. The final conclusion here is that the

---

[2] The record before the Court is incomplete as it pertains to this disciplinary hearing, and thus the Court evaluates the facts as alleged in Cabrera's Amended Complaint.

>grievance committee cannot help the grievant because this matter is out of its scope. We are powerless. Furthermore, the grievant is advised to seek compensation for the unlawful confinement from the Department of Correction by writing to Mr. D. Roberts.

(Defs.' Statement of Material Facts Ex. B at 43-44.) Cabrera states that he wrote Mr. Roberts, but that letter is not in the record. Cabrera did not appeal this grievance decision. (Id. at 45.)

In this action, Cabrera alleges that Defendants falsely arrested him, fabricated a misbehavior report, and falsely imprisoned him, violating his due process rights. (Am. Compl. ¶ 26.) He also alleges that Defendants were deliberately indifferent and subjected him to "atypical hardship" in violation of his constitutional rights. Defendants assert that Cabrera's claims must be dismissed in their entirety.

## DISCUSSION

### A.   Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). However, as the United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)

(quotations omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Pro se complaints must be construed liberally. See Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**B.     42 U.S.C. § 1983**

In order to prevail under 42 U.S.C. § 1983, Cabrera must demonstrate that an individual acting under color of state law deprived him of a constitutionally protected right. See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004).

1. Official Capacity

Cabrera's Amended Complaint alleges claims against Defendants in their official and individual capacities. The law is well settled that a suit against a state official in his or her official capacity is not a suit against the official but rather no different from a suit against the State itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, claims against Defendants in their official capacities fail. See id.

2. Defendant Phillips

Defendants contend that Cabrera's claims against Defendant Phillips must be

dismissed because Cabrera failed to effect service of the Complaint as required by the Federal Rules of Civil Procedure. Indeed, the record demonstrates that service was not effected on Defendant Phillips. Under Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant." However, if the plaintiff shows good cause for the failure to effect service, the Court shall extend the time for service for an appropriate period of time. Fed. R. Civ. P. 4(m).

The Amended Complaint was filed on January 24, 2002, and although the summons was issued on March 27, 2002, the summons was returned unexecuted as to Defendant Phillips. (See Clerk Doc. No. 6.) However, this failure is not for want of Cabrera's efforts to effect service. (See Pl.'s Exs. C, G, H, J.) Cabrera attempted to have the U.S. Marshal's Service effect service, but the summons and complaint were returned unexecuted with a notice from Clinton administration that "Michael Phillips no longer works for the Department of Correctional Services." (Clerk Doc. No. 6.) Cabrera also wrote a letter to the Commissioner of Correctional Services in an attempt to locate Defendant Phillips. (Pl.'s Ex. G.) Finally, Cabrera wrote a letter to Defendant Senkowski specifically requesting contact information for Defendant Phillips. (Id. Ex. H.) Despite his inquiries, Cabrera did not obtain proper service information. As a result, service on Defendant Phillips could not be made.

Although Cabrera has not made any efforts since 2003[3] to personally serve Defendant Phillips and 120 days have passed since the filing of the Complaint, the Court is nonetheless cognizant of Cabrera's efforts to effect service.[4]  Accordingly, Cabrera has until June 30, 2005, to effect personal service on Defendant Phillips.  If service is not effected within this time period, Cabrera's claims against Defendant Phillips will be dismissed.

      3.      <u>Defendant Senkowski</u>

Defendants contend that the claims against Defendant Senkowski fail because Cabrera does not allege sufficient personal involvement in the alleged constitutional violations.  The Amended Complaint names Defendant Senkowski as Clinton Superintendent, and claims that Defendant Senkowski appointed Defendant Phillips to conduct the Tier III disciplinary hearing.  Construing the Amended Complaint broadly, it appears that Cabrera seeks to impose liability on Defendant Senkowski by virtue of his role as Clinton Superintendent.

Under § 1983, supervisory prison officials are not liable simply because of their role as a supervisor.  <u>See</u> <u>McKinnon v. Patterson</u>, 568 F.2d 930, 934 (2d Cir. 1978) (personal involvement is a prerequisite to liability under § 1983).  Supervisory officials may be liable if: (1) they directly participated in the constitutional violation; (2) they were aware of the

---

[3] The Court notes that this Motion has been pending for over one year, by no fault of the parties.

[4] Interestingly, however, Defendant Phillips either received correspondence from Cabrera or was advised that Cabrera was seeking service information.  Defendant Phillips notified the Department of Corrections, and informed it that he did not wish to receive any further communication from Cabrera.  (<u>Id.</u> Ex. J.)  As a result, Defendant Phillips was placed on Cabrera's negative correspondence list.  (<u>Id.</u>)

violation and failed to remedy the wrong; (3) they created the policy or custom under which the purported constitutional violation occurred; or (4) they were grossly negligent in managing the subordinates that caused the constitutional violation. See Williams v. Smith, 781 F.2d 319, 323-24 (8th Cir. 1986). In this case, the only allegation against Defendant Senkowski is in his capacity as the superintendent who appointed Defendant Phillips to preside over the Tier III disciplinary hearing. This is insufficient to impose supervisory liability, and therefore Cabrera's claims against Defendant Senkowski must be dismissed.

    4.    Defendant Senecal

Cabrera contends that Defendant Senecal wrote the false misbehavior report and that his procedural due process rights were violated as a result of the purportedly false report. He asserts that Defendant Senecal violated DOCS directives and state regulations. However, "a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1996). Thus, the claims against Defendant Senecal, the individual who filed the misbehavior report, must fail.

However, the inmate has the right not be deprived of a protected liberty interest without due process of law. See id. "[A]s long as prison officials provided the inmate with procedural due process requirements . . . the filing of unfounded charges does not give rise to a per se constitutional violation under § 1983." Gill v. Riddick, File No. 9:03-CV-1456, 2005 WL 755745, at * 7 (N.D.N.Y. Mar. 31, 2005) (internal quotation omitted); see also

7

Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988). Cabrera's procedural due process claims are asserted against Defendant Phillips, and as the Court has already explained, Defendant Phillips is not a proper party to this action because he has not been personally served. Accordingly, the Court will not reach the merits at this time.

**CONCLUSION**

Cabrera's claims against Defendants Senkowski and Senecal fail as a matter of law. Although Cabrera's attempts to effect personal service on Defendant Phillips have failed, the Court nonetheless extends the time period for service to June 30, 2005. If personal service is not made on Defendant Phillips by June 30, 2005, Cabrera's Amended Complaint will be dismissed in its entirety. Accordingly, based on all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**;

2. Defendants Senkowski and Senecal are **DISMISSED**; and

3. Plaintiff has until June 30, 2005 to effect personal service on Defendant Phillips.

Dated: June 6, 2005

/s  Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge